Hearing Date: Ugr vgo dgt"4; ."4233
Hearing Time: ;<52"c0o0
Location: 219 S. Dearborn St., Courtroom 83;
  Chicago, IL 60604

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | § """"""""Ej cr vgt"9 | |
| | § | |
| GARY M. DAY, INC. | § | Case No. 08-31460 |
| | § | |
| Debtor | """§"""""""""J qp0Lces wgnkpg"R0Eqz | |

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATIONS FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

    Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Joseph A. Baldi, Trustee, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

    The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

        Kenneth S. Gardner
        Clerk of the U.S. Bankruptcy Court
        219 S. Dearborn, 7th Floor
        Chicago, Illinois  60604

    Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at :

        "; <52"a.m.
        on"Vj wtuf c{."Ugr vgo dgt"4; ."4233
        in Courtroom  83; , U.S. Courthouse
        219 S. Dearborn St., Chicago, IL

  If no objections are filed, upon entry of an order on the fee applications, the Trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____        By: Kenneth Gardner_____
                                                                         Clerk of Bankruptcy Court

Lqugrj "C0Dcrf k"Vtwuvgg
3; "U0NcUcmg"Uv0"Uwkg"3722."Ej keci q."KN"82825

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:                                §
                                      §
                                      §
GARY M. DAY, INC.                     §    Case No. 08-31460
                                      §
                                      §
         Debtor(s)                    §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

The Final Report shows receipts of                                $

and approved disbursements of                                     $

leaving a balance on hand of[1]                                   $


Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000024 | Comerica Bank | $ | $ | $ | $ |

Total to be paid to secured creditors                             $_____

Remaining Balance                                                 $_____


Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: BALDI BERG & WALLACE, LTD. | $ | $ | $ |
| Attorney for Trustee Expenses: BALDI BERG & WALLACE, LTD. | $ | $ | $ |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 4)*

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Accountant for Trustee Fees: Popowcer Katten, Ltd | $ | $ | $ |
| Other: International Sureties | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses        $_____

    Remaining Balance        $_____

    Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

    In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment | |
|---|---|---|---|---|---|
| 000004B | U.S. Department of Labor | $ | $ | $ | ** |
| 000005B | Department of the Treasury | $ | $ | $ | |
| 000026A | Peter A. Rubino | $ | $ | $ | |
| 00026B | Peter A. Rubino | $ | $ | $ | |
| AUTO | Internal Revenue Service | $ | $ | $ | |
| AUTO | Internal Revenue Service | $ | $ | $ | |

    Total to be paid to priority creditors        $_____

    Remaining Balance        $_____

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent, plus interest (if

  **Pursuant to the request and direction of the US Department of Labor, Trustee will make distribution directly to individual claimants whose claims for unpaid 401k contributions comprise the US DOL claim.

applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | G. Wood Services, Inc. | $ | $ | $ |
| 000002 | All Tile Inc | $ | $ | $ |
| 000003 | Jaeckle Distributors | $ | $ | $ |
| 000006 | Stone Tek | $ | $ | $ |
| 000007 | ABS Whole Sale | $ | $ | $ |
| 000008 | E. Kinast Distributors, Inc | $ | $ | $ |
| 000009 | Rayner & Rinn-Scott, Inc | $ | $ | $ |
| 000010 | Mandel Metals, Inc. | $ | $ | $ |
| 000011 | All Tile Inc | $ | $ | $ |
| 000012 | Kent Kartage Inc | $ | $ | $ |
| 000013 | Hafele America Co. | $ | $ | $ |
| 000014 | Anderson Lock Company | $ | $ | $ |
| 000015 | All Tile Inc | $ | $ | $ |
| 000016 | Jaeckle Distributors | $ | $ | $ |
| 000017 | Arkraft Corporation | $ | $ | $ |
| 000004A | U.S. Department of Labor | $ | $ | $ |
| 000005A | Department of the Treasury | $ | $ | $ |
| 000018 | Triangle Decorating Co | $ | $ | $ |
| 000019 | Millwork Direct, Inc | $ | $ | $ |
| 000020 | Masterbuilders Inc | $ | $ | $ |
| 000021 | Roundup Funding, LLC | $ | $ | $ |
| 000022 | US Bancorp | $ | $ | $ |
| 000023 | Woodmac | $ | $ | $ |
| 000025 | Jeff Lucca Custom Carpentry Inc | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000027 | AMERICAN INFOSOURCE LP AS AGENT FOR | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance     $_____

Tardily filed claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000028 | ELC Installation Co | $ | $ | $ |
| 000029 | US Bank Corp Equipment Finance, Inc | $ | $ | $ |

Total to be paid to tardy general unsecured creditors     $_____

Remaining Balance     $_____

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/ _____
Joseph A. Baldi, Trustee

*Joseph A. Baldi, Trustee*
*Suite 1500*
*19 South LaSalle Street*
*Chicago, IL 60603*

**STATEMENT:**  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.